IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| LIGHTING BALLAST CONTROL LLC, § § Plaintiff, § § v. § § AMERICAN BALLAST CORP., § ANTRON COMPACT ELECTRONICS, LP, § HATCH TRANSFORMERS, INC., § RADIONIC INDUSTRIES, INC. and § ROBERTSON WORLDWIDE, § § Defendants. § | CIVIL ACTION NO. _____ **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff LIGHTING BALLAST CONTROL LLC files this Original Complaint against Defendants AMERICAN BALLAST CORP., ANTRON COMPACT ELECTRONICS, LP, HATCH TRANSFORMERS, INC., RADIONIC INDUSTRIES, INC. and ROBERTSON WORLDWIDE, alleging as follows:

### I. THE PARTIES

1.   Plaintiff LIGHTING BALLAST CONTROL LLC ("LIGHTING BALLAST") is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Newport Beach, CA.

2.   Upon information and belief, AMERICAN BALLAST CORP. ("AMERICAN BALLAST") is a California corporation with a principal place of business in Freemont, CA. Defendant AMERICAN BALLAST may be served with process by serving its Registered Agent, Allan Lin, 47800 Fremont Boulevard, Fremont, CA 94538.

3. Upon information and belief, ANTRON COMPACT ELECTRONICS, L.P. ("ANTRON") is a Texas limited partnership with a principal place of business in Arlington, Texas, who does business as AC Electronics. Defendant ANTRON may be served with process by serving its Registered Agent, J. Richard McVay at 503 East Border Street, Arlington, TX 76010.

4. Upon information and belief, HATCH TRANSFORMERS, INC. ("HATCH") is a Florida corporation with a principal place of business in Tampa, FL. HATCH may be served with process by serving its Registered Agent, Michael L. Hatch at 5212 W. Neptune Way, Tampa, FL 33629.

5. Upon information and belief, RADIONIC INDUSTRIES, INC. ("RADIONIC") is an Illinois corporation with a principal place of business in Chicago, IL. RADIONIC may be served with process by serving its Registered Agent, Jeffrey B. Winton at 5 West Diversey, Chicago, Illinois 60707.

6. Upon information and belief, ROBERTSON WORLDWIDE ("ROBERTSON") is an Illinois Corporation with a principal place of business in Blue Island, IL. ROBERTSON may be served with process by serving its Registered Agent, Barry J. Shkolnik at 70 W. Madison Street, Suite 3500, Chicago, IL 60602.

## II. JURISDICTION AND VENUE

7. This is an action for infringement of a United States patent. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

8. Upon information and belief, Defendants have had minimum contacts with the Northern District of Texas such that this venue is a fair and reasonable one. Defendants have committed such purposeful acts and/or transactions in Texas that it reasonably knew and

expected that it could be hailed into a court as a future consequence of such activity. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are transacting business within the Wichita Falls Division of the Northern District of Texas. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III.   PATENT INFRINGEMENT

9. On July 25, 1995, United States Patent No. 5,436,529 ("the '529 Patent") was duly and legally issued for a "Control and Protection Circuit for Electronic Ballast." A true and correct copy of the '529 Patent is attached hereto as Exhibit "A" and made a part hereof.

10. LIGHTING BALLAST is a licensee of the '529 Patent with the exclusive right to enforce the patent against infringers and to sue for and collect damages for all relevant times, including the right to prosecute this action.

11. The '529 Patent is referred to as "the patent-in-suit."

12. On February 24, 2009, Plaintiff LIGHTING BALLAST filed a lawsuit against several defendants in the Northern District of Texas (7:09-CV-29-O), asserting that various claims of the '529 Patent had been infringed. On June 17, 2011, a jury found that Universal Lighting Technologies, Inc. (the only remaining defendant at the time of trial) had infringed Claims 1, 2 and 5 of the '529 Patent and that the Patent was valid. The Court entered a final judgment on August 26, 2011 upholding the jury's determination of infringement and validity, and awarding costs and pre-judgment interest at the Texas statutory rate of 5%.

13. Upon information and belief, Defendants manufacture, make, have made, use, practice, import, provide, supply, distribute, sell and/or offer for sale products and/or systems that infringe one or more claims in the '529 Patent. Such conduct constitutes, at a minimum,

patent infringement under 35 U.S.C. § 271.  On information and belief, each Defendant infringes the '529 Patent, either literally and/or under the doctrine of equivalents.

14. Defendant AMERICAN BALLAST infringes the '529 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale electronic ballasts utilizing the patented circuit design. The infringing ballasts monitor the voltage across one or more lamps and provide, among other things, energy savings, safety benefits, end-of-life protection for multiple types of failures, and auto restart functionality.  By way of example only, the AMERICAN BALLAST AB2-28-PS-UNV-1 ballast directly infringes one or more claims of the '529 patent, including, at a minimum, Claims 1 and/or 18.

15. Alternatively, Defendant AMERICAN BALLAST, upon information and belief, indirectly infringes, at a minimum, Claims 1 and/or 18 of the '529 Patent by virtue of inducing and/or contributing to infringement by others, including its customers.  In this regard, Defendant AMERICAN BALLAST was put on notice of the '529 Patent and of its infringing conduct at least as early as March 23, 2006, if not earlier.

16. Defendant ANTRON infringes the '529 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale electronic ballasts utilizing the patented circuit design. The infringing ballasts monitor the voltage across one or more lamps and provide, among other things, energy savings, safety benefits, end-of-life protection for multiple types of failures, and auto restart functionality. By way of example only, the ANTRON ACE: ESD-A21T5 ballast infringes one or more claims of the '529 Patent, including, at a minimum, Claims 1 and/or 18.

17. Alternatively, Defendant ANTRON, upon information and belief, indirectly infringes, at a minimum, Claims 1 and/or 18 of the '529 Patent by virtue of inducing and/or contributing to infringement by others, including its customers. In this regard, Defendant ANTRON was put on notice of the '529 Patent at least as early as May 31, 2006, if not earlier.

18. Defendant HATCH infringes the '529 Patent because it manufactures, makes, has made, uses, practices, imports, provide, supplies, distributes, sells and/or offers for sale electronic ballasts utilizing the patented circuit design. The infringing ballasts monitor the voltage across one or more lamps and provide, among other things, energy savings, safety benefits, end-of-life protection for multiple types of failures, and auto restart functionality. By way of example only, the HATCH FR2600 ballast infringes one or more claims of the '529 Patent, including, at a minimum, Claims 1 and/or 18.

19. Alternatively, Defendant HATCH, upon information and belief, indirectly infringes, at a minimum, Claims 1 and/or 18 of the '529 Patent by virtue of inducing and/or contributing to infringement by others, including its customers. On information and belief, Defendant HATCH knew or should have known about the '529 Patent at least as early as February 24, 2009, if not earlier, due to litigation that was pending involving the '529 Patent as of that time.

20. Defendant RADIONIC infringes the '529 Patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale electronic ballasts utilizing the patented circuit design. The infringing ballasts monitor the voltage across one or more lamps and provide, among other things, energy savings, safety benefits, end-of-life protection for multiple types of failures, and auto restart functionality. By

way of example only, the RADIONIC RCFD-UML-26 ballast infringes one or more claims of the '529 Patent, including, at a minimum, Claims 1 and/or 18.

21. Alternatively, Defendant RADONIC, upon information and belief, indirectly infringes Claims 1 and/or 18 of the '529 Patent by virtue of inducing and/or contributing to infringement by others, including its customers. Defendant RADONIC knew or should have known about the '529 Patent at least as early as February 24, 2009, if not earlier, due to litigation that was pending involving the '529 Patent as of that time.

22. Defendant ROBERTSON infringes the '529 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale electronic ballasts utilizing the patented circuit design. The infringing ballasts monitor the voltage across one or more lamps and provide, among other things, energy savings, safety benefits, end-of-life protection for multiple types of failures, and auto restart functionality. By way of example only, the ROBERTSON PSA228T5MV/A ballast infringes one or more claims of the '529 Patent, including, at a minimum, Claims 1 and/or 18.

23. Alternatively, Defendant ROBERTSON, upon information and belief, indirectly infringes, at a minimum, Claims 1 and/or 18 of the '529 Patent by virtue of inducing and/or contributing to infringement by others, including its customers. In that regard, Defendant ROBERTSON has been on notice of the '529 Patent since the mid-1990s.

24. LIGHTING BALLAST has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to LIGHTING BALLAST in an amount that adequately compensates it for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

25.     Defendant AMERICAN BALLAST was put on notice of the '529 Patent and of its infringing conduct at least as early as March 23, 2006, if not earlier, and has knowingly and willfully infringed the '529 Patent since the time it received such notice.

26.     Defendant ANTRON was put on notice of the '529 Patent and of its infringing conduct at least as early as May 31, 2006, if not earlier, and has knowingly and willfully infringed the '529 Patent since the time it received such notice.

27.     Defendant ROBERTSON was put on notice of the '529 Patent and of its infringing conduct in November 2009, if not earlier, and has knowingly and willfully infringed the '529 Patent since the time it received such notice.

28.     Upon information and belief, Defendants will continue their infringement of the patents-in-suit unless enjoined by the Court. Defendants' infringing conduct causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  JURY DEMAND

LIGHTING BALLAST hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

LIGHTING BALLAST requests that the Court find in its favor and against Defendants, and that the Court grant LIGHTING BALLAST the following relief:

a.  Judgment that one or more claims of United States Patent No. 5,436,529 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others to whose infringement Defendants have contributed to and/or by others whose infringement has been induced by Defendants;

b.  Judgment that Defendants account for and pay to LIGHTING BALLAST all damages to and costs incurred by LIGHTING BALLAST because of Defendants' infringing activities and other conduct complained of herein;

c. That Defendants' infringement be found to be willful from the time Defendants became aware of the infringing nature of its products, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d. That LIGHTING BALLAST be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award LIGHTING BALLAST its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f. That Defendants be permanently enjoined from any further activity or conduct that infringes one or more claims of the patent-in-suit; and

g. That LIGHTING BALLAST be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   September 9, 2011.**                    Respectfully submitted,

/s/ Jonathan T. Suder
State Bar No. 19463350
David A. Skeels
State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)
jts@fsclaw.com
skeels@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

n:\clients\mj\lighting ballast\robertson\pleadings\complaint.final.doc